IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3092 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JON BRUNING, Attorney General, | ) | |
| DAVE HEINEMAN, Governor, and | ) | |
| CHRIS BEUTLER, Mayor, Lincoln, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins ("Plaintiff") filed his Complaint in this matter on May 5, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff purports to bring this action on behalf of "every African American man, woman, and child in the State of Nebraska." (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff alleges Defendants are responsible for violations of rights under the Federal Constitution's Equal Protection Clause. Plaintiff generally alleges that African Americans lack equal access to housing, educational, and employment opportunities. Plaintiff argues that Defendants, as public officials in Nebraska, are responsible for rectifying these inequities. (*Id.*)

For relief, Plaintiff seeks "financial compensation to all Blacks in the state [in the amount] of [$]25,000 individually." He also asks that the court order Defendants to "create policys [sic], laws, and funding to help elevate the African American community in Neb. to a [sic] equal level with the whites in the state." (*Id.* at CM/ECF p. 6.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff's Complaint is deficient in three respects. First, Plaintiff purports to bring this action on behalf of "every African American man, woman, and child in the State of Nebraska." (Filing No. 1 at CM/ECF p. 1.) However, pro se litigants may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed.Appx. 630 (8th Cir. 2013). Moreover, in order for a plaintiff to proceed with his claims, he must have standing. As a general rule, to establish standing a plaintiff must assert his legal rights

or interests and not "the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 498-99 (1975).

Second, Plaintiff seeks money damages from state employees acting in their official capacities. However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See*, *e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Sovereign immunity does not bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity. Here, Plaintiff also asks the court to order Defendants to "create policys [sic], laws, and funding to help elevate the African American community in Neb. to a [sic] equal level with the whites in the state." (Filing No. 1 at CM/ECF p. 6.) However, Plaintiff's request for "polic[ies], laws, and funding" is vague, overbroad, and does not state a claim for relief.

Third, Plaintiff has not stated an equal protection claim upon which relief may be granted. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The clause essentially directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985). To state an equal protection claim, a plaintiff must establish that he was treated differently from others similarly situated to him. *Johnson v. City of Minneapolis,* 152 F.3d 859, 862 (8th Cir. 1998). Here, Plaintiff has not alleged that he was treated differently from others similarly situated to him. In addition, as set forth above, Plaintiff has not asserted his own legal rights or interest.

3

On the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that asserts his legal rights or interests and not the legal rights or interests of third parties, and that sets forth a short and plain statement of the claims against each defendant.  If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice and without further notice.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief may be granted.  Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **September 1, 2014**: Check for amended complaint.

DATED this 29th day of July, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.